UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JULIE GONZALES, et al.                CIVIL ACTION

VERSUS                                NUMBER:   2:11-cv-01629

BEAU RIVAGE RESORTS, INC.             SECTION:  "B"

**ORDER AND REASONS**

Defendant Beau Rivage Resorts, Inc.'s ("Defendant") opposed Motion to Transfer Venue (Rec. Doc. No. 6) from the Eastern District of Louisiana to the Southern District of Mississippi, under 28 U.S.C. § 1404(a), is **GRANTED.**[1]

**PROCEDURAL HISTORY**

On November 26, 2010, Julie Gonzales ("Plaintiff") was at Defendant's Beau Rivage Resort Casino, located in Biloxi, Mississippi with her husband. Rec. Doc. No. 1 at 2. Plaintiff was descending an escalator located at the Casino when Plaintiff's heel allegedly became lodged in the escalator's moving stairs, causing her to fall forward and injure herself. *Id.* Plaintiff alleged that the accident resulted from the negligence of Defendant.[2] *Id.* In addition to pain and suffering damages associated with the

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

[2] Specifically, Plaintiff alleged the following particular instances of negligence on the part of Defendant: (1) failure to properly maintain the escalator in question; (2) that the escalator was maintained in an "unreasonable dangerous condition"; (3) failure to regularly inspect the escalator; and (4) that the escalator was "dangerously designed and/or constructed and/or installed." Rec. Doc. No. 1 at 2-3.

accident, Plaintiff claimed loss of consortium for her husband, Ned Gonzales. *Id.* at 3.

On July 12, 2011, this negligence action was filed against Defendant in the United States District Court for the Eastern District of Louisiana. Rec. Doc. No. 1 at 1. This court has jurisdiction pursuant to 28 U.S.C. § 1332; the matter involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; Rec. Doc. No. 1 at 1. In its Answer to the Complaint (Rec. Doc. No. 2), Defendant asserted that "venue is improper as currently filed" and requested that the case be transferred under §1404(a) to the United States District Court for the Southern District of Mississippi, Southern Division, located in Gulfport, Mississippi. Rec. Doc. No. 2 at 1.

Defendant filed the instant Motion to Transfer Venue with this court on August 11, 2011. Plaintiffs countered with a Memorandum in Opposition to Motion to Transfer Venue (Rec. Doc. No. 10) on August 23, 2011. Finally, Defendant filed a Supplemental Memorandum in Response to Plaintiff's Opposition to Motion to Transfer Venue (Rec. Doc. No. 15) on August 30, 2011.

## LAW AND ANALYSIS

### A. Standard of Review

28 U.S.C. § 1391 controls a plaintiff's choice of forum. Under § 1391(a), a civil action where jurisdiction is founded on diversity of citizenship may be brought in "(2) a judicial district in which a substantial part of the events or omissions giving rise

to the claim occurred" or "(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391.

28 U.S.C. § 1404 governs the transfer of venue; it provides that "[f]or the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a).

For a party to obtain a new federal venue under § 1404(a), it must only show that the transfer is "[f]or the convenience of the parties, in the interest of justice." *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983). The party who seeks the transfer must show "good cause." *Humble Oil & Refining Company v. Bell Marine Service*, 321 F.2d 53, 56 (5th Cir. 1963). When viewed in the context of § 1404(a), to show good cause means that the moving party must satisfy the statutory requirements and clearly demonstrate that the transfer is both for the convenience of the parties and in the interest of justice. *In re Volkswagen*, 545 F.3d at 315. When the transferee venue is not clearly more convenient than the chosen venue, the plaintiff's choice of venue should be respected. *Id.*

The Fifth Circuit has adopted the public and private interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); though this was a *forum non conveniens* case, this Circuit found in *Humble Oil* that the *Gilbert* factors were appropriate for

the determination of whether a § 1404(a) venue transfer was for the convenience of the parties and in the interest of justice. 321 F.2d at 56. The private interest factors articulated in *In re Volkswagen* are: "(1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. 545 F.3d at 315 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* These factors are not exhaustive; a court must also consider "all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Id.*

**B. The Southern District of Mississippi is the proper venue in the instant case**

The preliminary question under 28 U.S.C. § 1404(a) is whether a civil action "might have been brought" in the proposed destination venue. *See* 28 U.S.C. § 1391. In the instant case, Defendant properly claims that this case could have been brought in the Southern District of Mississippi. Rec. Doc. No. 6 at 2-3. There is diversity of citizenship, the minimum amount in controversy has

been met, and the case has "significant known factual relationships" to the Southern District of Mississippi since the incident took place there. *Id.* at 2. Next, the court must weigh the *In re Volkswagen* factors as to whether transfer under § 1404(a) is appropriate. 545 F.3d at 315.

### 1. Relative ease of access to sources of proof

Defendant asserts that the access to sources of proof is easier in the Southern District of Mississippi because it is where the accident took place and where a majority of the witnesses to the accident live.[3] Rec. Doc. No. 6-1 at 3, 5. All of Defendant's documents pertaining to maintenance and/or repair of the escalator at issue are located in Mississippi. Rec. Doc. No. 15 at 2.

The Plaintiffs disagree, claiming that it is unlikely the fact witnesses named by the Defendant will be asked to testify in court. Rec. Doc. No. 10 at 2. Additionally, Plaintiffs argue that Defendant overlooks that this case will primarily be a "battle between liability experts who, as the court is well aware, may come from any where in the United States." *Id.* at 3. As well, Plaintiff asserts that her medical team resides within the Eastern District

---

[3] Defendant supplies multiple fact witnesses that will be called to testify that reside within the Southern District of Mississippi: (1) John Shannon Matthews, Security Manager at the Beau Rivage; (2) Elgen Charles Turner, Beau Rivage Security Officer; (3) David Boyd, Beau Rivage Security Officer; (4) Peter Weeks, Beau Rivage Assistant Hotel Manager; (5) L. Burnett, Beau Rivage Security Officer; (6) multiple Emergency Medical Technicians that responded at the scene of the incident; and (7) multiple members of the Biloxi Fire Department that responded to the incident at issue. Rec. Doc. No. 6-1 at 3-4.

of Louisiana. *Id.*

In *In re Volkswagen*, the Fifth Circuit found that this factor weighed in favor of transfer because all of the documents and physical evidence relating to the accident at issue in that trial were in the proposed transferee venue. 545 F.3d at 316. This is analogous to the instant case, where the incident scene, the physical evidence, and all related documentation to maintenance are located in the proposed transferee venue. Therefore, this factor is in favor of the Defendant.

**2. Availability of compulsory process over witnesses**

In the instant case, this factor is neutral. Rec. Doc. No. 6-1 at 5. All witnesses that are located in the Southern District of Mississippi are subject to compulsory in either the Southern District or the Eastern District of Louisiana. *Id.* at 5 n.6. Under the Federal Rules of Civil Procedure, a trial subpoena to travel more than 100 miles is subject to a motion to quash that subpoena. *See* Fed. R. Civ. Pro. 45(c)(3).[4] However, as the distance between the Eastern District of Louisiana courthouse and the Southern District of Mississippi courthouse is less than 100 miles,

---

[4] Specifically, Federal Rule of Civil Procedure 45(c)(3)(A)(ii) requires an issuing court to quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A)(ii). There is an exception for travel within the state where the trial is held, but it is inapplicable in the instant case. *See* Fed. R. Civ. P. 45(c)(3)(B)(iii).

witnesses from either district are subject to compulsory service in both.[5]

### 3. Cost of attendance for willing witnesses

Defendant argues that since its Security Department, other employee witnesses, the Emergency Medical Technicians that responded at the scene, and Biloxi Fire Department members all reside in Mississippi, the majority of witnesses to be called are located within the Southern District of Mississippi. Rec. Doc. No. 6 at 2-3. Any employees of the Beau Rivage, Emergency Medical Technicians or Biloxi firemen would require a longer absence from work if the trial was held in New Orleans. Rec. Doc. No. 6-1 at 5 n.7. Additionally, Defendant mentions that all witnesses would require per diem fees of $40.00 per day pursuant to 28 U.S.C. § 1821 (b) and additional travel expenses pursuant to 28 U.S.C. § 1821 (c). *Id.*

The Plaintiff claims that obtaining the testimony of doctors at trial is an expensive proposition and that requiring her three doctors to travel to the Southern District would had an "immensely significant added expense to plaintiff's ability to prove her medical damages." Rec. Doc. No. 10 at 3. Further, Plaintiff argues that this expense would outweigh the expenses that might be incurred by the defendant in obtaining the testimony of their employees at trial. *Id.* Finally, Plaintiff asserts that Defendant

---

[5] The distance between the two courthouses is 79.1 miles.

is more capable of bearing this expense. *Id.*

Defendant, in its Supplemental Memorandum in Response to Plaintiff's Opposition (Rec. Doc. No. 15), points out that any doctor called to testify will probably do so via video deposition. Rec. Doc. No. 15 at 1. Given the complexity of doctors' schedules, it is likely that the deposition would take place at their own offices or at Plaintiff's attorneys' offices. *Id.* Regardless of the trial venue, any of the three physicians would likely be deposed in Louisiana. *Id.* Additionally, Defendant stresses that the parties' ability to pay costs associated with testifying is not a factor to be considered when a court is considering if a venue is appropriate. *Id.* at 2.

Given the growing common practice of deposing doctors instead of calling them for live testimony at trial and the higher number of witnesses advanced by the Defendant to be called, this factor weighs in favor of the Defendant.

**4. Administrative difficulties flowing from court congestion**

In 2010, 29,322 cases were filed in the nine divisions that encompass the Fifth Circuit.[6] Rec. Doc. No. 6-1 at 5 n. 8. The highest number of those cases were filed in the Eastern District of Louisiana (6568), while only 2279 cases were filed in the Southern District of Mississippi. *Id.* Defendant correctly asserts that the

---

[6] *See* Federal Judicial Caseload Statistics, http://www.uscourts.gov/uscourts/Statistics/FederalJudicialCaseloadStatistics/2010/tables/C03Mar10.pdf.

Southern District has a less congested docket and so is in a better position to handle the matter "in the interest of judicial economy and expeditious disposition of this case." *Id.* Additionally, since no discovery has commenced nor has a trial date been set, there would be no administrative difficulty in a venue transfer at this early stage of litigation. *Id.* Therefore, this factor is in favor of the Defendant.

### 5. Local interest in having localized controversy resolved at home

Defendants claim that, since the incident occurred in Mississippi, most of the witnesses will be Mississippi residents and the Defendant is a Mississippi corporation, Mississippi jurors will have the greatest local interest in the controversy at issue. Rec. Doc. No. 6-1 at 5 n.9.

While Plaintiffs concede that the location of the incident was in the Southern District of Mississippi, they claim that the Eastern District of Louisiana has a local interest in the "damages that may be due to two of its residents." Rec. Doc. No. 10 at 4. Plaintiff further argues that Louisiana jurors have "just a great an interest in resolution of the controversy considering the extent of damages sustained" in this case. *Id.*

In *In re Volkswagen*, this factor weighed in favor of transfer because the accident occurred in the proposed transferee venue, the witnesses to the accident lived in that venue, the first responders on the scene lived and worked in the transferee venue, and all

physical evidence was within the venue. 545 F.3d at 317-18. Here, however, the Court must take into account that the Plaintiffs reside in the Eastern District of Louisiana, which was not the case in *In re Volkswagen*, and so there is a viable factual connection to this district. *Id.* at 317-18. However, this factor does weigh in favor of the Defendant.

**6. The familiarity of the forum with the law that will govern the case**

Mississippi state substantive law will govern the instant diversity based action. Therefore, a federal court that sits in the Southern District of Mississippi will likely have more familiarity with the law than a federal court within the Eastern District of Louisiana. This factor is in favor of the Defendant.

**7. Avoidance of unnecessary problems of conflict of law or in the application of foreign law**

The parties' rights and obligations will be governed by the law of the forum where the tort occurred. Defendant correctly claims that the "Mississippi Court can better apply Mississippi law, avoiding any problems with conflicts of law or with a Louisiana Court applying the law of another forum." Rec. Doc. No. 15 at 2. Therefore, this factor is in favor of the Defendant.

Given that a majority of the *In re Volkswagen* factors weigh in favor of the Defendant in the instant case, **IT IS ORDERED** that the Defendant's Motion to Transfer Venue is **GRANTED** and this case transferred to the Southern District of Mississippi.

New Orleans, Louisiana, this 21st day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE